THE STATE OF KANSAS v. HENRY C. HANEY AND JOSEPHINE HANEY.

1. MALICIOUS TRESPASS— *Character of Complaint.* On a charge of malicious trespass in severing from a freehold growing corn, under § 107 of the crimes act, the complaint must set forth that the owner of the growing corn had either constructive or actual possessory right in the land on which the corn was growing; otherwise the complaint will be fatally defective.
2. ———— The case of *The State v. Gurnee,* 14 Kas. 111, distinguished.

*Appeal from Rice District Court.*

SEPTEMBER 12, 1883, the following complaint, omitting title and verification, was filed with W. H. Wolf, a justice of the peace of Rice county:

"Samuel G. Bradley, being duly sworn, on oath says, that on, to wit, the 6th day of September, 1883, in the county of Rice and state of Kansas, Henry C. Haney and Josephine Haney did then and there unlawfully, willfully and maliciously, and on the east half of the southeast quarter of section thirty-six, in township twenty south, of range ten west, sever from the freehold and the soil of said land certain produce thereof and attached thereto, to wit, growing corn of the amount of one acre, of the value of $10, and which growing corn was

and is the property of affiant, and grown and growing on said land, which is a part of a school section of land, so called, and upon land to which affiant has and has had for a year and more a certificate of purchase under the laws of Kansas, and which said corn was planted by affiant and by his direction and for himself.                    SAMUEL G. BRADLEY."

Trial had before the justice, September 15, 1883. The defendants moved to quash the complaint, upon the ground that it does not charge any crime against the defendants, or either of them, under the laws of the state of Kansas. This motion was overruled. The defendants were found guilty, and a fine of five dollars assessed against them, together with the costs, taxed at $62.85. The defendants appealed to the district court. In that court, at the November Term, 1883, the defendants again renewed their motion to quash the complaint. This motion was sustained by the court. *The State* appeals.

*J. H. Bailey*, county attorney, *A. M. Lasley*, and *A. R. Clark*, for The State.

*Wm. J. Fuller*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was a criminal prosecution under §107, ch. 31, Comp. Laws of 1879, which reads:

"Every person who shall willfully, unlawfully and maliciously break, destroy or injure the door or window of any dwelling-house, shop, store, or other house or building; or sever therefrom or from any gate, fence, or inclosure or any part thereof, any material of which it is formed; or sever from the freehold any produce thereof, or anything attached thereto; or shall pull down, injure or destroy any gate, post, railing, or fence, or any part thereof; or cut down, lop, girdle or otherwise injure or destroy any fruit, or ornamental or shade tree, being the property of another, shall, on conviction, be adjudged guilty of a misdemeanor."

The complaint attempts to charge an offense against the defendants, for severing from a freehold growing corn; yet it does not set forth the character of the freehold, or allege that another than the defendants possesses the freehold, or that the

complainant is in the constructive or actual possession of the premises. It was therefore fatally defective. For aught that appears from the complaint, the defendants may have held an estate or freehold in the premises, and may have been in the actual possession of the premises from which the corn was severed. The complaint does not positively aver that the premises were formerly a school section, and purchased under the school laws of the state, but instead thereof the averment is, that the corn was grown on the land which is a part of a school section of land, *so-called*, and upon land to which the complaining party has, and has had for a year and more, a certificate of purchase under the laws of Kansas. The kind of certificate of purchase is not described, and for aught that appears in the complaint, if the certificate was issued under the laws relating to the sale of school lands, all rights thereunder may have been forfeited before the acts complained of. (*The State v. Emmert*, 10 Kas. 546; Laws of 1876, ch. 122, art. 14, §7; Laws of 1879, ch. 162, §1.) Indeed, the language of the complaint seems purposely to be indefinite and uncertain.

If the complaining witness is neither the owner in fee, nor in the constructive or actual possession of the land, the defendants cannot be convicted of the acts charged against them; and the constructive or actual possession of the premises must be stated in the complaint. The case of *The State v. Gurnee*, 14 Kas. 111, to which we are referred, decides that it was not necessary on a charge of malicious trespass under said §107, to aver or prove that the owner of the crop or produce was the owner in fee of the land on which it was growing. It was held that as the complaining party had possessory rights to the land, if those rights were invaded, as charged, a remedy was afforded under the criminal statute. Here the complaining party not only does not allege that he is the owner in fee, but fails to state any constructive or actual possessory right to the land. Therefore that case does not decide this.

If it be true, as asserted in the argument of counsel for defendants, that both the complainant and the defendants claim to be in the lawful possession of the premises described in the

complaint; that there is a *bona fide* dispute existing between them as to who is in the possession thereof; and that both have planted crops thereon, intermingled with each other, then a criminal prosecution is not the proper way to settle the dispute, or decide who is lawfully entitled to the premises.

The ruling and judgment of the district court will be affirmed.

All the Justices concurring.